**Gwendolyn Y. Alexis, Esq.**
Attorney at Law
29 Cooper Lane Annex
Chester, NJ 07930
Phone:  908/879-8028
Fax:     908/879-9601

# UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### Civil Action, File Number 07 CIV. 7623 (KMK)

| | | |
|---|---|---|
| VINCENT ALAIMO, et al. | ) | |
| | ) | |
| | ) | |
| | ) | **ANSWER AND COUNTERCLAIM OF** |
| | ) | **CO-DEFENDANT ERIK CARLSSON** |
| | ) | **doing business as** |
| | ) | **A & C AUTOMOTIVE CONSULTING** |
| v. | ) | |
| | ) | |
| KLEIN AND FOLCHETTI, et al. | ) | |

COMES NOW Co-Defendant Erik Carlsson, residing at 29 Cooper Lane, Chester, New Jersey, doing business as A & C AUTOMOTIVE CONSULTING (collectively referred to "Co-Defendant Carlsson" hereafter) and says:

### AS TO FIRST CAUSE OF ACTION

1.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1 of the First Cause of Action.

2.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the First Cause of Action.

3.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the First Cause of Action.

4.  As to Paragraph 4 of the First Cause of Action, Co-Defendant Carlsson:

(a)  Admits that he is an automotive engineer and that he does business as A & C Automotive Consulting and that he transacts this business in an office located in The Annex, 29 Cooper Lane, Chester, New Jersey.

(b)  Admits that he has maintained an automotive consulting business since 1982 which provides automotive consulting services <u>exclusively</u> to attorneys, vehicle manufacturers, insurance companies, government entities, and other consulting firms, but never to lay persons.

(c)  Denies any implication that A & C Automotive is a business establishment holding itself out as providing automotive consulting services to the general public at large and avers that he neither advertises his services to the general public nor contracts to render services directly with lay persons; rather Co-Defendant Carlsson unequivocally states that he supplies his investigative reports solely to the attorneys who engage his services and who accept these investigative reports as his protected work product.

(d)  Denies that he is a citizen of the United States of America and avows that he is a Swedish citizen with Permanent Resident status in the United States.

(e)  Denies that he resides in "other States" and avows that he is domiciled in and a resident of New Jersey.

5.  As to Paragraph 5 of the First Cause of Action, Co-Defendant Carlsson admits that at all times since 1982 he has maintained and continues to maintain an automotive consulting business which provides automotive consulting services <u>exclusively</u> to attorneys, vehicle manufacturers, insurance companies, government entities, and other consulting firms, <u>but never to lay persons</u>; however, he denies that he is a citizen of the United States of America and avows that he is a Swedish citizen and a Permanent Resident of the United States.

6.  As to Paragraph 6 of the First Cause of Action, Co-Defendant Carlsson admits that at all times since 1982 he has maintained and continues to maintain an automotive consulting business which provides automotive consulting services <u>exclusively</u> to attorneys, vehicle manufacturers, insurance companies, government entities, and other consulting firms, <u>but never to lay persons.</u>  Since 1998, Co-Defendant Carlsson has operated his business from The Annex, 29 Cooper Lane, Chester, NJ.

7.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the First Cause of Action.

8.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8 of the First Cause of Action.

9.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the First Cause of Action.

10.  As to Paragraph 10 of the First Cause of Action, Co-Defendant Carlsson denies that he was ever retained by Plaintiffs and states that he is without knowledge or information sufficient to form a belief as to the truth of the other allegations contained in Paragraph 10.

11.  As to Paragraph 11 of the First Cause of Action, Co-Defendant Carlsson denies that he ever received payment "to represent plaintiffs VINCENT ALAIMO, SUSAN ALAIMO, and MINETTE ALAIMO in a law-suit…" and denies that he is qualified as an attorney or that he has ever held himself out to be an attorney engaged in the practice of law and further denies that he has ever entered into any agreement whatsoever with Plaintiffs herein.  As to the allegations of coercion and cash payments contained in Paragraph 11, Co-Defendant

4

Carlsson is without knowledge or information sufficient to form a belief as to the truth of said allegations.

12. Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the First Cause of Action, but denies any culpability with respect to the matters alleged.

## AS TO SECOND CAUSE OF ACTION

1. As to Paragraph 13 of the Second Cause of Action, Co-Defendant Carlsson repeats his answers to the First Cause of Action in full as though each were again set forth in this Second Cause of Action.

2. As to Paragraph 14 of the Second Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

. 3. As to Paragraph 15 of the Second Cause of Action, Co-Defendant Carlsson denies ever rendering any advice to Plaintiffs and further denies ever having been in privity of contract with Plaintiffs; and avers that he is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

4. As to Paragraph 16 of the Second Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5. As to Paragraph 17 of the Second Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6. Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Second Cause of Action, but denies any culpability with respect to the matters alleged.

## AS TO THIRD CAUSE OF ACTION

1. As to Paragraph 19 of the Third Cause of Action, Co-Defendant Carlsson repeats his answers to the First and Second Causes of Action in full as though each were again set forth in this Third Cause of Action.

2. As to Paragraph 20 of the Third Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3. As to Paragraph 21 of the Third Cause of Action, Co-Defendant Carlsson denies that he "was a conflict of interest" and that he committed "malpractice amongst breaking other laws that aided adversary" and that he is guilty of "withholding of evidence, withholding witnesses, as well as the foregoing," whatever that means.  As to the other allegations of Paragraph 21 of the Third Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to their truth or as to how to interpret the confusing language contained in said Paragraph 21.

4. As to Paragraph 22 of the Third Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5. As to Paragraph 23 of the Third Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

6.  Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24 of the Third Cause of Action, but denies any culpability with respect to the matters alleged.

## AS TO FOURTH CAUSE OF ACTION

1.  As to Paragraph 25 of the Fourth Cause of Action, Co-Defendant Carlsson repeats his answers to the First, Second, and Third Causes of Action in full as though each were again set forth in this Fourth Cause of Action.

2.  As to Paragraph 26 of the Fourth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3.  As to Paragraph 27 of the Fourth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4.  As to Paragraph 28 of the Fourth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

5.  As to Paragraph 29 of the Fourth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AS TO FIFTH CAUSE OF ACTION

1.  As to Paragraph 30 of the Fifth Cause of Action, Co-Defendant Carlsson repeats his answers to the First, Second, Third, and Fourth Causes of Action in full as though each were again set forth in this Fifth Cause of Action.

2.  As to Paragraph 31 of the Fifth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

3.  As to Paragraph 32 of the Fifth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

## AS TO SIXTH CAUSE OF ACTION

1.  As to Paragraph 33 of the Sixth Cause of Action, Co-Defendant Carlsson repeats his answers to the First, Second, Third, Fourth, and Fifth Causes of Action in full as though each were again set forth in this Sixth Cause of Action.

2.  As to Paragraph 34 of the Sixth Cause of Action, Co-Defendant Carlsson denies each and every allegation contained therein.

3.  As to Paragraph 35 of the Sixth Cause of Action, Co-Defendant Carlsson is without knowledge or information sufficient to form a belief as to the truth of the allegations contained therein.

4.  As to Paragraph 36 of the Sixth Cause of Action, Co-Defendant Carlsson denies coercing Plaintiffs or placing them under duress; and as to the other matters alleged in Paragraph 36, Co-Defendant Carlsson avers that he is without knowledge or information sufficient to form a belief as to the truth of those allegations.

5.  As to Paragraph 37 of the Sixth Cause of Action, Co-Defendant Carlsson denies each and every allegation contained therein.

6.  As to Paragraph 38 of the Sixth Cause of Action, Co-Defendant Carlsson denies each and every allegation contained therein.

7.  As to Paragraph 39 of the Sixth Cause of Action, Co-Defendant Carlsson denies each and every allegation contained therein.

## COUNTERCLAIM

Co-Defendant Carlsson by way of counterclaim against the Plaintiffs says:

1.  On August 27, 2007, Plaintiffs with wanton disregard for the court's time and the expense to the public of a frivolous federal lawsuit did file Civil Action Number 07 CIV 7623 (KMK) in the U. S. District Court for the Southern District of New York maliciously alleging that Co-Defendant Carlsson had breached a contractual and/or fiduciary relationship with Plaintiffs.

2.  At no time did Plaintiffs have probable cause to assume that they were in a business relationship with Co-Defendant Carlsson or that he was their confidant or in a position of trust vis-à-vis them.  Moreover, even if there had been privity of contract (which there was not), the activities complained of in Plaintiffs' rambling six-count Complaint, having occurred in 1998, are insufficient fodder to support a legal action in 2007, due to the Statute of Limitations.

3.  Co-Defendant Carlsson provides expert testimony in vehicular accident cases. Doing business as A & C Automotive Consulting, he provides automotive consulting services exclusively to attorneys, vehicle manufacturers, insurance companies, government entities, and other consulting firms, but never to lay persons.  Co-Defendant Carlsson does not advertise his services to the general public.  The vehicles that he examines are always the subject of pending or imminent litigation which accounts for his established policy of dealing only with the attorneys in each case – the professionals who retain him rather than with their clients.

4.  In 1998, Co-Defendant Carlsson was retained by the law firm of Klein & Folchetti to examine a vehicle owned by their client, Vincent Alaimo, one of the plaintiffs

herein.  The two reports that Co-Defendant Carlsson wrote about his examination of the vehicle (dated August 12, 1998 and April 28, 1999) were addressed to the Klein & Folchetti firm and were mailed to the firm's office address at 15 Fisher Lane, White Plains, New York.

      5.  As a direct result of Plaintiffs' callous disregard for the need to have probable cause for naming Co-Defendant Carlsson in this ill-conceived lawsuit, and their diabolical plot to inflict injury on their attorneys, the judicial system, and anyone remotely connected to their unsuccessful personal injury claim, Co-Defendant Carlsson has suffered professional humiliation, has lost time from work to prepare a defense to this frivolous lawsuit, and has had to obtain legal representation and incur legal expenses and court costs.

      WHEREFORE, Co-Defendant Carlsson demands judgment against the Plaintiffs for damages, together with costs of suit.


-------------------------------------------------------------
September 30, 2007                        GWENDOLYN Y. ALEXIS
Chester, New Jersey                       Attorney at Law