```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _____
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

VINCENT ALAIMO, et al.,

                    Plaintiffs,

-v-

KLEIN AND FOLCHETTI ATTORNEYS-AT-LAW,
et al.,
                    Defendants.

Case No. 07-CV-7263 (KMK)

ORDER

KENNETH M. KARAS, District Judge:

    On August 24, 2007, *pro se* Plaintiffs Vincent Alaimo, Susan Alaimo, and Minette Alaimo (all New York residents) (collectively, "Plaintiffs") filed the present lawsuit against Defendants Klein & Folchetti (New York law firm), Robert W. Folchetti, Esq. (New York resident), and Michelle Klein Folchetti, Esq. (New York resident), (collectively, the "Folchetti Defendants"), as well as against Defendants A&C Automotive Consulting (New Jersey business) and Erik Carlsson (New Jersey resident) (collectively, the "Consulting Defendants"). The Complaint fairly can be read to assert claims of legal malpractice, common law fraud, coercion, professional malpractice, and breach of contract, all in connection with an earlier lawsuit brought by Plaintiffs against General Motors ("GM"). The Folchetti Defendants represented Plaintiffs in the GM litigation and the Consulting Defendants provided consulting services to aid in the prosecution of the GM litigation.

    On November 28, 2007, the Folchetti Defendants sent a letter to the Court, requesting a pre-motion conference to discuss a motion to dismiss for lack of subject matter jurisdiction. (Letter from Jonathan R. Harwood, Esq., to the Court, Nov. 28, 2007.) According to the Folchetti Defendants, and as is set forth more fully in their November 28, 2007 letter, the Court lacks subject matter jurisdiction because Plaintiffs have not asserted any claim arising under federal law, and there is a lack of complete diversity between the Parties, as Plaintiffs and the Folchetti Defendants are all New York residents. The Consulting Defendants have not contested the subject matter jurisdiction in this case, but the Court will nonetheless consider the issue *sua sponte*.

    The Court held a pre-motion conference in this case on December 5, 2007, during which the Court explained to Plaintiffs the requirements of subject matter jurisdiction. In an Order dated December 6, 2007, the Court ordered Plaintiffs to submit a letter to the Court by no later than January 11, 2008, "explaining their position as to why they believe that this Court has jurisdiction over this case if Plaintiffs and the Folchetti Defendants are all New York residents." (Dkt. No. 9.) Pursuant to the Court's directive, Plaintiffs submitted a letter to the Court on January 10, 2008.

In order to base subject matter jurisdiction on the diversity of the parties pursuant to 29 U.S.C. § 1332, there must be at least $75,000 in controversy and there must be complete diversity – that is, no plaintiff can be from the same state as any defendant. *See Exxon Mobil Corp. v. Allapattah*, 545 U.S. 546, 553 (2005) ("In a case with multiple plaintiffs and multiple defendants, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action."). It is clear to the Court that there is a lack of complete diversity among the Parties in this case, as Plaintiffs and the Folchetti Defendants are all New York residents.

Therefore, subject matter jurisdiction in this case cannot be premised on diversity of citizenship and can only exist if, pursuant to 29 U.S.C. § 1331, Plaintiffs' claims arise under federal law. In other words, the Court has jurisdiction over Plaintiffs' case against the Folchetti Defendants only if federal law created an asserted cause of action or an asserted cause of action involves a substantial question of federal law. *See Empire HealthChoice Assurance, Inc. v. McVeigh*, 547 U.S. 677, 689-90 (2006) ("A case aris[es] under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." (internal quotation marks omitted) (first alteration in original)).

Plaintiffs' Complaint, considered together with their January 10, 2008 letter, can fairly be read to assert claims against the Folchetti Defendants for legal malpractice, common law fraud, coercion, and breach of contract, and against the Consulting Defendants for professional malpractice, common law fraud, coercion, and breach of contract. Such claims are state law claims, and therefore, they do not give rise to federal jurisdiction. *See Kolari v. N.Y. Presbyterian Hosp.*, 455 F.3d 118, 121 n.3 (2d Cir. 2006) (referring to common law fraud as state law claim); *Sash v. Schwartz*, No. 04-CV-9634, 2007 WL 30042, at *1 (S.D.N.Y. Jan. 4, 2007) (noting "legal malpractice is a state law claim"); *Whitely v. Comsat Corp.*, No. 00-CV-9401, 2001 WL 1135946, at *3 (S.D.N.Y. Sept. 25, 2001) (referring to coercion and breach of contract as state law claims).

The Court reads Plaintiffs' January 10, 2008 letter as asserting two possible bases for federal question jurisdiction: (1) Defendants "stood in the way of plaintiffs receiving their fair and just constitutional Rights . . . ."; and (2) federal automobile safety standards were violated when the Folchetti Defendants aided and abetted General Motors in the prior litigation. (Letter from Pls. to the Court, Jan. 10, 2008.) The Court will consider each of these grounds in turn.

First, with regard to Plaintiffs' new claim that Defendants somehow violated their constitutional rights, the Court finds this claim to be without merit, as there is no allegation of or even remote indication of state action here. *See Flagg v. Yonkers Sav. and Loan Ass'n*, 396 F.3d 178, 186 (2d Cir. 2005) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action." (internal quotation marks omitted)).

Second, with regard to federal automobile safety standards, the Court assumes that Plaintiffs invoke these statutes in connection with their legal malpractice claim against the Folchetti Defendants. However, it is clear that Plaintiffs' claim against the Folchetti Defendants is based on Plaintiffs' dissatisfaction with their legal representation during the GM litigation. The Court therefore presumes Plaintiffs to be arguing that GM violated federal automobile safety standards, that Plaintiffs were injured as a result, and that, due to the Folchetti Defendants' malpractice in representing Plaintiffs in their lawsuit against GM, Plaintiffs were not compensated for their injuries.

"In order to properly plead a claim for legal malpractice, [Plaintiffs] must allege (1) the negligence of the attorney, that is to say, that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession; (2) that the negligence was the proximate cause of the loss; and (3) proof of actual damages as a direct result of the attorney's actions." *Nazzarro v. Balber*, No. 05-CV-2172, 2005 WL 1251785, at *4 (S.D.N.Y. May 25, 2005) (internal citations and quotation marks omitted). In order to satisfy the third element of a legal malpractice claim, Plaintiffs "must establish that 'but for' the defendants' negligence, they would have succeeded in obtaining actual damages in the underlying action – that is, that they would have won on the merits of at least some part of their original action." *Id.* at *5.

As noted above, a legal malpractice claim is a state law claim, but one potentially relevant exception to this rule was recognized by Judge Haight in *Nazzarro*. According to Judge Haight, if the underlying action asserted a federal claim, the third element of the legal malpractice action would require the court to resolve a substantial question of federal law – namely, whether plaintiff would have succeeded in the federal claim if plaintiff's attorney had not committed legal malpractice. *Id.* at *6.

Under *Nazarro*, if Plaintiffs asserted federal claims against GM, their legal malpractice claim may give rise to federal question jurisdiction because the Court would be required to resolve whether Plaintiffs' federal claims against GM would have been successful had the Folchetti Defendants not been negligent. On the face of the Complaint, however, Plaintiffs do not allege that they asserted federal claims against GM. Further, the Court notes that it appears likely that Plaintiffs asserted only state law claims against GM, as evidenced by the fact that the New York State Appellate Division decision upholding the jury verdict in GM's favor refers only to state law claims brought by Plaintiffs against GM. *See Alaimo v. Gen. Motors Corp.*, 820 N.Y.S.2d 170, 170 (App. Div. 2006) (stating Plaintiffs "commenced this action sounding in products liability and breach of warranty").

Because the Complaint contains no basis for subject matter jurisdiction over Plaintiffs' claims against the Folchetti Defendants, the Court hereby dismisses without prejudice the Folchetti Defendants from Plaintiffs' Complaint. Plaintiffs' suit against the Consulting Defendants – who are diverse from Plaintiffs – can continue as long as the Folchetti Defendants are not indispensable parties to the action. If the Folchetti Defendants are indispensable,

Plaintiffs' entire action must be dismissed. *See* Fed. R. Civ. P. 19(b); *see also Viacom Int'l, Inc. v. Kearney*, 212 F.3d 721, 725 (2d Cir. 2000). However, if the Folchetti Defendants are dispensable parties, the Court can use its authority under Federal Rule of Civil Procedure 21 to drop the Folchetti Defendants from the case and allow the case against the Consulting Defendants to proceed. *See Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 833 (1989) ("[I]t is well settled that Rule 21 invests district courts with authority to allow a dispensable nondiverse party to be dropped at any time . . . ."); *Kafaru v. Burrows*, No. 07-CV-1520, 2008 WL 155406, at *2 (D. Conn. Jan. 9, 2008) ("Rule 21 . . . invests federal courts with the authority to dismiss nondiverse dispensable parties in order to preserve diversity jurisdiction.").

A party is required, if feasible, to be joined in a case if "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a). If a required party cannot be joined – because, for instance, that party destroys complete diversity – the court must determine whether or not the required party is indispensable. *See Viacom Int'l*, 212 F.3d at 725. To determine whether a party is indispensable, courts consider the factors listed in Federal Rule of Civil Procedure 19(b). "If the court determines that a party is indispensable, then the court must dismiss the action . . . ." *Viacom Int'l*, 212 F.3d at 725.

Because the Court cannot determine at this point whether the Folchetti Defendants are indispensable parties to this action, the Court will not dismiss Plaintiffs' claims against the Consulting Defendants. However, the Court can dismiss these claims in the future if it becomes evident that the Folchetti Defendants are indispensable. *See Rubler v. Unum Provident Corp.*, No. 04-CV-188024, 2007 WL 188024, at *2 (S.D.N.Y. Jan. 25, 2007) ("A court may *sua sponte* raise the issue of whether a party is indispensable, regardless of whether the parties raise the issue. Moreover, a party does not waive the defense of failure to join an indispensable party by neglecting to raise it. . . . [A]n objection based on the absence of an indispensable party can be raised at any time . . . ." (internal quotation marks and citations omitted)). The Court does note, however, that during the December 5, 2007 conference, the Consulting Defendants' counsel, when asked by the Court whether she believed that the Folchetti Defendants were indispensable, stated her belief that they were not and that the action could proceed against the Consulting Defendants even if the Folchetti Defendants were dropped from the case.

The Folchetti Defendants are hereby DISMISSED without prejudice from Plaintiffs' Complaint. Plaintiffs may refile their Complaint against the Folchetti Defendants if they are able to substantiate that they asserted a federal claim in their lawsuit against GM and that Plaintiffs would have won actual damages in their lawsuit against GM if the Folchetti Defendants had not been negligent. Plaintiffs are reminded, however, that they are free to file these claims in state court to the extent that time remains on the statute of limitations.

SO ORDERED.

Dated:   April 14, 2008
         White Plains, New York

_____
KENNETH M. KARAS
UNITED STATES DISTRICT JUDGE

Service List:

By Mail:

Vincent Alaimo
Susan Alaimo
Minette Alaimo
P.O. Box 488
Ferndale, New York 12734
*Pro Plaintiffs*

Jonathan R. Harwood, Esq.
Traub Lieberman Straus & Shrewsberry LLP
Mid-Westchester Executive Park
Seven Skyline Drive
Hawthorne, New York 10532
*Counsel for Defendants Klein and Folchetti*
*Attorneys-At-Law, Robert W. Folchetti, Esq.,*
*and Michelle Klein Folchetti, Esq.*

Gwendolyn Y. Alexis, Esq.
Annex, 29 Cooper Lane
Chester, New Jersey 07930
*Counsel for Defendants A&C Automotive*
*Consulting, Erik Carlsson, and*
*Erik Carlsson Automotive Engineer*