UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------x
VINCENT ALAIMO, et al.,                       :

                   **Plaintiffs,**      :      **REPORT & RECOMMENDATION**

               - against -      :      **07 Civ. 7623 (KMK) (LMS)**

AUTOMOTIVE CONSULTING, et al.,      :

               **Defendants.**      :
-------------------------------------------------------x

TO:   THE HONORABLE KENNETH M. KARAS, U.S.D.J.

At a status conference on September 16, 2009, the Court set a schedule for Defendants'

motion to dismiss the above-captioned lawsuit:  Defendants' moving papers were to be served

and filed by November 16, 2009; Plaintiffs' opposition papers were to be served and filed by

January 22, 2010; and Defendants' reply papers were to be served and filed by February 8, 2010.

On November 13, 2009, the Court granted Defendants an extension of time until November 30,

2009, to serve and file their moving papers, see Docket # 30, and on November 30, 2009,

Defendants did so.  See Docket #'s 31-33.  When Plaintiffs failed to serve and file papers in

accordance with the motion schedule, the Court issued an Order, dated February 2, 2010 (Docket

# 34), directing Plaintiffs to advise the Court by letter, received no later than February 16, 2010,

as to whether they intended to oppose the motion.  The Order further explained that failure to so

advise the Court could result in the granting of the motion and the dismissal of the case.  Having

heard nothing from Plaintiffs, the Court issued another Order, dated March 24, 2010 (Docket #

38), directing Plaintiffs to appear at a conference scheduled to take place on April 13, 2010, or

else the Court would consider a motion by Defendants "to impose sanctions, including

recommending that Plaintiffs be ordered to pay the cost of Defendants' counsel's time appearing

at the conference, and including recommending dismissal of Plaintiffs' claims pursuant to Rule

41(b) of the Federal Rules of Civil Procedure for failure to prosecute."

Plaintiffs failed to appear at the conference on April 13, 2010, at which time the Court

granted Defendants permission to file a motion to dismiss for failure to prosecute.  Defendants

have filed their motion (Docket # 40), and Plaintiffs have not responded.  Plaintiffs have never

attempted to contact either the Court or Defendants in response to the Court's orders.  For the

reasons that follow, I conclude, and respectfully recommend that Your Honor should conclude,

that this case should be dismissed with prejudice for failure to prosecute.

## DISCUSSION

Rule 41(b) provides that a defendant may move to dismiss an action "[i]f the plaintiff

fails to prosecute or to comply with . . . a court order."  Fed. R. Civ. P. 41(b).  Thus, under Rule

41(b), a plaintiff is required to diligently prosecute his or her case.  See Lyell Theatre Corp. v.

Loews Corp., 682 F.2d 37, 43 (2d Cir. 1982).  However, the Second Circuit has cautioned that a

dismissal pursuant to Fed. R. Civ. P. 41(b) is a "harsh remedy," which should only be utilized in

"extreme situations."  Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009) (citations omitted).

The Second Circuit has further advised that district courts "should be especially hesitant to

dismiss for procedural deficiencies where . . . the failure is by a pro se litigant."  Lucas v. Miles,

84 F.3d 532, 535 (2d Cir. 1996) (citation omitted).[1]  Therefore, the Second Circuit has provided

the following five (5) factors for the court to consider before dismissing an action pursuant to

Fed. R. Civ. P. 41(b):

---

[1]The Court notes that Plaintiffs in this case, while proceeding pro se, are not unschooled in federal litigation, and have filed several other cases in this Court.

> whether (1) the plaintiff's failure to prosecute caused a delay of
> significant duration; (2) plaintiff was given notice that further delay
> would result in dismissal; (3) defendant was likely to be prejudiced
> by further delay; (4) the need to alleviate court calendar congestion
> was carefully balanced against plaintiff's right to an opportunity for
> a day in court; and (5) the trial court adequately assessed the efficacy
> of lesser sanctions.

Lewis, 564 F.3d at 576 (citing United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248,

254 (2d Cir. 2004)).  The Second Circuit reviews dismissals pursuant to Fed. R. Civ. P. 41(b)

only for abuse of discretion.  Id. at 575.

In this case, a review of the five factors militates in favor of dismissal.  First, Plaintiffs

have delayed this case for over four months by failing to respond to Defendants' motion to

dismiss in accordance with the court-ordered schedule; failing to contact the Court in response to

its Order of February 2, 2010; failing to appear at the conference scheduled for April 13, 2010;

and failing to respond to the instant motion.  Second, the Court's Order of February 2, 2010,

informed Plaintiffs that their failure to oppose the motion could result in the granting of the

motion and dismissal of the case, and the Court's Order of March 24, 2010, put Plaintiffs on

notice that their failure to appear at the April 13, 2010, conference could result in dismissal of the

case, yet they failed to appear at the conference and have never sought to contact either the Court

or Defendants in response to either Order.  Third, although the Court is not aware of any specific

prejudice to Defendants by allowing this case to languish, it is worth noting that Defendants have

already had to defend this case for almost three years and, as time passes, their ability to defend

the case is impacted incrementally.  Fourth, given the age of this case and the length of time that

Defendants' motion to dismiss has remained unopposed, the Court's interest in moving this case

off of its docket outweighs the need to give Plaintiffs even more time to be heard in the matter.

Fifth, given Plaintiffs' repeated failure to comply with the Court's orders, as well as their continued failure to communicate with either the Court or Defendants in any fashion, the sanction of dismissal with prejudice is appropriate in this case.

## CONCLUSION

For the foregoing reasons, I conclude, and I respectfully recommend that Your Honor should conclude, that Defendants' Rule 41(b) motion to dismiss for failure to prosecute (Docket # 40) should be granted, and Plaintiffs' action should be dismissed with prejudice.  In light of this recommendation, I further recommend that Defendants' motion to dismiss (Docket # 31) should be terminated as moot.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation.  Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Kenneth M. Karas at the United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas and should not be made to the undersigned.

Dated: June 8, 2010
        White Plains, New York

                               Respectfully submitted,

                               Lisa Margaret Smith
                               United States Magistrate Judge
                               Southern District of New York

A copy of the foregoing Report and Recommendation has been sent to the following:

The Honorable Kenneth M. Karas, U.S.D.J.

Vincent Alaimo
P.O. Box 488
Ferndale, NY 12734

Susan Alaimo
P.O. Box 488
Ferndale, NY 12734

Minette Alaimo
P.O. Box 488
Ferndale, NY 12734

Gwendolyn Alexis, Esq.
29 Cooper Lane
Chester, NJ 07930-2637